### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LINDA MILAZZO,<br><br>    Plaintiff,<br><br>v.<br><br>ROLLING FRITO-LAY SALES, LP, WALMART, INC., and BIANCA CHATMAN,<br><br>    Defendants. | No. 19-cv-05283<br><br>Judge John F. Kness |

### MEMORANDUM OPINION AND ORDER

In this diversity action, Plaintiff Linda Milazzo, through her amended complaint, brings negligence claims against Defendants Rolling Frito-Lay Sales, LP ("Rolling Frito-Lay"), Walmart, Inc. ("Walmart"), and Bianca Chatman ("Chatman") for injuries sustained when a snack product display in a Walmart store allegedly toppled over and fell onto Milazzo's head and shoulder. (Dkt. 20.) Defendants moved to strike the amended complaint because the addition of new defendant Bianca Chatman destroyed the jurisdictional requirement of complete diversity of citizenship.

As explained below, the joinder of Chatman was proper under 28 U.S.C. § 1447, and the motion to strike is denied. Further, because the addition of Chatman means that complete diversity no longer exists, the Court lacks jurisdiction over this action. Accordingly, the Court remands this case to the Circuit Court of Cook County for further proceedings.

**I. BACKGROUND**

Milazzo originally filed her complaint against Rolling Frito-Lay and Walmart in the Circuit Court of Cook County (No. 2019L006716). (Dkt 2 at ¶ 1.) In that complaint, Milazzo alleged she was injured while shopping at a Walmart store when a snack product display fell over and landed on her head and shoulder. (Dkt 2 at Exh. A ¶ 7.) Milazzo alleged that Rolling Frito-Lay and Walmart[1] had a duty to prevent injuries to patrons of the Walmart store and that both Defendants breached that duty when the display fell over. (Dkt. 2 at Exh. A ¶¶ 8-10; 15-17.) Milazzo incurred and continues to incur medical expenses to treat the injuries she sustained. (Dkt. 2 at Exh. A ¶¶ 10 and 17.)

Defendants properly removed this case to federal court on August 5, 2019. All of the parties were completely diverse from one another at the time of removal. (Defs' Mtn. at ¶ 2; Pl's Rsp. at 3.). About a month after removal, Milazzo sought leave to amend her complaint to add Chatman as a defendant. (Dkt. 15.) In her motion to amend, Milazzo stated that she received an affidavit from Rolling Frito-Lay identifying Chatman as the individual responsible for stacking the snack display when Milazzo was shopping at the Walmart store. (*Id.*) Milazzo thus wanted to add Chatman as a defendant based on the breach of her duty to exercise ordinary care.

Based on Milazzo's assertions, the Court, by the previously-assigned judge, granted her motion. (Dkt. 19.) But Chatman is a citizen of Illinois—joining her as a

---

[1] Count II of the original Milazzo Complaint alleged the same claims against Frito Lay, Inc. but Milazzo agreed to drop Frito-Lay as a party defendant because it did not have any relationship to the alleged incident. (Dkt. 36.)

defendant destroyed the diversity of citizenship upon which removal was grounded. Having realized that the addition of Chatman would destroy complete diversity, Defendants sought and were granted leave from the Court to move to strike the amended complaint. (Dkt. 34.) That motion is presently before the Court. (Dkt. 39.)

## II. ANALYSIS

### A. Applicability of the Forum Defendant Rule

All parties appear to agree, as does the Court, that this case was properly removed from Cook County Circuit Court in the first instance. At the time of removal, complete diversity existed, and the amount in controversy exceeded $75,000. Jurisdiction in this Court thus existed under 28 U.S.C. § 1332. Adding Chatman as a defendant, however, gave rise to a potentially terminal jurisdictional issue: allowing Chatman to remain as a defendant would obviate the fundamental requirement of 28 U.S.C. § 1332 that all plaintiffs be diverse from all defendants. Recognizing this problem, Defendants seek to strike the new count of the amended complaint that added Chatman as a defendant.

In general, when a plaintiff seeks to add a nondiverse party following removal from a state forum, a district court must apply 28 U.S.C. § 1447(e) to determine whether joinder of the new party is permissible. In contrast, if, at the time removal is sought, any properly joined and served parties are citizens of the state in which the action was brought, the so-called "forum defendant rule" bars removal. 28 U.S.C. § 1441(b)(2); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 997 (N.D. Ill. 2018) (considering the application of the forum defendant rule at the time the out of state defendant removed the action).

3

Defendants seek to strike Count I of Plaintiff's First Amended Complaint, which was filed more than a month after removal to this Court. Defendants' first argument, curiously, is that the forum defendant rule—which prevents removal based on diversity if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought—does not "defeat diversity in this matter." (Dkt. 40, at 5.) In support, Defendants cite *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928 (N.D. Ill. 2018). In that case, the plaintiff filed a complaint in Illinois state court against defendants Harvey and Hindman. *Graff,* 299 F. Supp. 3d at 930. After Harvey was served but before Hindman was served, Harvey removed the case to federal court based on complete diversity. *Id.* In opposing removal, the plaintiff argued that, because Hindman was a citizen of Illinois, the forum defendant rule barred removal. *Id.* at 931. Rejecting that argument, the district court held that an in-forum defendant must both be joined *and* served for § 1441(b)(2) to apply. *Id.* at 938.

Defendants contend that, as in *Graff*, remand is not required because removal in this case occurred before the in-forum defendant, Chatman, was joined and served. But this ignores a crucial distinction: at the time Harvey sought removal in *Graff*, Hindman was an already-joined party. Not so here: Chatman was not a named defendant in the original complaint filed in the Circuit Court of Cook County. Indeed, Chatman almost certainly could not have been named as a defendant then, for, as Milazzo notes (Pl's Rsp. at 2), Milazzo did not learn of Chatman's identity until Rolling Frito-Lay provided Milazzo with an affidavit listing Chatman as the individual responsible for stacking the ill-fated snack display. (Pl's Rsp. at Exh. 1.)

Given this crucial distinction, *Graff* does not compel application of the forum defendant rule. More importantly, the plain language of the forum defendant rule makes clear that it does not apply to this case. *See* 28 U.S.C. § 1441(b)(2). Rather, the governing standard is found in 28 U.S.C § 1447, which explains that, if "*after* removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." (Emphasis added.) Accordingly, the Court must decide whether joinder of Chatman is proper under 28 U.S.C. § 1447.

### B.  Chatman was Properly Joined Under 28 U.S.C. § 1447

To determine whether joinder of a defendant is proper under 28 U.S.C. § 1447, a court must consider four factors. *First*, the plaintiff's motive for seeking joinder; *second*, the timeliness of the request to amend; *third*, whether the plaintiff will be significantly injured if joinder is not allowed; and *fourth*, any other relevant equitable factors. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). "Fraudulent joinder" is not "directly applicable" to the post-removal context but can be a relevant factor in determining whether to permit joinder under § 1447(e). *Schur*, 577 F.3d at 764.

There is no evidence to suggest Milazzo had an improper motive for seeking to join Chatman. To establish a fraudulent joinder, a defendant must show (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Schur*, 577 F.3d at 763 n.9; *see also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Proving fraudulent joinder is a "heavy burden" requiring a diverse defendant to show that,

5

after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. *Schur*, 577 F.3d at 764; *see also Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). This burden is intended to ensure a workable balance between, on one hand, respecting a plaintiff's tactical prerogative to select the forum and defendants it wishes to sue, and on the other hand, protecting the defendants' statutory right to remove. *See Morris*, 718 F.3d at 666.

Defendants argue that, because Chatman was working as an employee of Frito-Lay and was engaged in the course and scope of her employment while stacking the snack display, Milazzo does not have a plausible claim against Chatman.[2] But, as did the district court in *Schur*, Defendants impermissibly conflate the doctrines of vicarious liability and individual liability. *Schur*, 577 F.3d at 765. Although Frito-Lay might be liable for Chatman's actions under the doctrine of vicarious liability, it does not follow this vicarious liability would eliminate Chatman's potential liability as an individual. Put more plainly, that Frito-Lay could eventually be obligated as an employer to pay a judgment against Chatman as its employee is not germane to whether Chatman herself might be categorically liable under Illinois negligence law. *See id.* (under Illinois law, an "agent can be individually liable even where his employer is *also* vicariously liable"). Defendants provide no other arguments—and

---

[2] Defendants also argue that, if Milazzo had a plausible claim against Chatman, she would have raised it in her initial complaint against a pseudonymous defendant. Defendants cite no legal authority suggesting that the mere failure to add a no-name placeholder at the outset of a case supports a finding that the later joinder of a named defendant is fraudulent. Absent evidence—as opposed to inference—that Plaintiff lacked a permissible basis for adding Chatman as a defendant, the Court declines to accept Defendants' suggestion.

6

the Court sees no evidence to suggest—that Milazzo's motives for adding Chatman are improper. Given all this, and in the light of Milazzo's straightforward and plausible negligence claim, the Court finds that the joinder of Chatman was not fraudulent. Accordingly, the first factor § 1447 factor supports joinder.

Defendants do not substantially address the remaining three factors under § 1447, but each of these is either neutral or favors Plaintiff's position. As for timeliness, Milazzo sought leave to amend her complaint to add Chatman within a month of removal and only about two weeks after learning Chatman's identity. (Dkt. 15.) At that time, the case was in its infancy and discovery had just begun. Because Milazzo acted with diligence, this factor also cuts in her favor.

Factor three under *Schur* also favors Milazzo, who would suffer significant prejudice were the Court to deny her leave to join Chatman. As explained above, Milazzo has a viable claim against Chatman; she has the right to assert it here. Forcing Milazzo to proceed in separate courts with two cases based on the same facts and circumstances would be both inefficient and highly prejudicial to Milazzo.[3]

For all of these reasons, the Court finds that the governing factors under 28 U.S.C. § 1447 favor joinder of defendant Chatman. Defendant's motion to strike, therefore, is denied.

---

[3] Having been presented with no other relevant equitable considerations to review, the Court finds the fourth factor under *Schur* to be neutral.

### III. CONCLUSION

Finding that the forum defendant rule does not apply and that the requisite factors of 28 U.S.C. § 1447 favor the joinder of Chatman, the Court denies Defendants' Motion to Strike. Because both Plaintiff and Defendant Chatman are Illinois residents, complete diversity no longer exists; the Court thus lacks subject matter jurisdiction. Accordingly, the case is remanded to the Circuit Court of Cook County for further proceedings.

SO ORDERED.

Date: August 27, 2020

JOHN F. KNESS
United States District Judge